**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| PHILLIP SPYROPOULOS,<br>　　　　　Appellant, | DOCKET NUMBER<br>NY-0752-17-0121-I-1 |
| 　　　v. | |
| SOCIAL SECURITY<br>　　ADMINISTRATION,<br>　　　　　Agency. | DATE: April 17, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Robert Glazer, Esquire, and Stephen Goldenzweig, Esquire, Houston,
　　Texas, for the appellant.

Vernon Norwood, Esquire, New York, New York, for the agency.

John Kelly, Esquire, and David B. Myers, Esquire, Baltimore, Maryland,
　　for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to (1) VACATE the administrative judge's finding that the agency proved specification 4 under its lack of candor charge; (2) incorporate the correct standards for the appellant's claims of disparate treatment disability discrimination and retaliation for requesting reasonable accommodation; (3) VACATE the administrative judge's alternative finding that the agency proved by clear and convincing evidence that it would have removed the appellant in the absence of his alleged protected disclosures; and (4) supplement the administrative judge's analysis on the appellant's claim of disparate penalties, we AFFIRM the initial decision.

## BACKGROUND

The appellant was a GS-12 Attorney Advisor with the agency's Office of Disability, Adjudication, and Review in Newark, New Jersey. Initial Appeal File (IAF), Tab 8 at 16. On October 27, 2016, the agency proposed his removal based on the following four charges: (1) failure to safeguard Personally Identifiable Information (PII); (2) lack of candor; (3) misuse of position; and (4) misuse of Government property. IAF, Tab 7 at 5-16. By letter dated March 20, 2017, the

deciding official sustained the proposed removal. *Id*. at 18-37. The appellant's removal was effective that same date. IAF, Tab 8 at 16.

The appellant subsequently filed a Board appeal challenging the basis for the removal action and raising numerous affirmative defenses. IAF, Tab 1 at 7; Tab 43 at 2-3. Following a hearing, the administrative judge issued an initial decision affirming the agency's action. IAF, Tab 52, Initial Decision (ID). Regarding Charge 1, failure to safeguard PII, the administrative judge found that the agency proved 29 of the 32 specifications underlying this charge and, therefore, she sustained the charge.[2] ID at 8-19. The administrative judge also sustained Charge 2, lack of candor, finding that the agency established all 4 supporting specifications. ID at 19-26. The administrative judge also sustained Charge 3, misuse of position, and Charge 4, misuse of Government property, finding that the agency established the 1 specification underlying the former charge and both specifications underlying the latter charge. ID at 27-33. As to the appellant's affirmative defenses, the administrative judge found that he failed to establish his claims of harmful procedural error, due process violation, disability discrimination based on failure to accommodate and disparate treatment, retaliation for requesting reasonable accommodation, retaliation for filing grievances, and whistleblower reprisal.[3] ID at 33-61. Lastly, the

---

[2] While the administrative judge noted at the end of her analysis of Charge 1 that she was sustaining 28 of the 32 specifications, ID at 19, this is a typographical error. Specifically, the administrative judge found that the agency failed to sustain only 3 of the 32 specifications underlying this charge and noted earlier in her analysis that the agency established 29 of the specifications under this charge. ID at 17-18.

[3] In considering the appellant's allegation of reprisal for filing grievances, the administrative judge applied the general reprisal standard. ID at 46-47. However, the statutory changes made as part of the Whistleblower Protection Enhancement Act of 2012 (WPEA) significantly narrowed the scope of cases to which this standard applies. *See Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶ 15 & n.7 (2015). Specifically, the general reprisal standard is inapplicable to claims that are subject to the burden-shifting framework set forth in 5 U.S.C. § 1221(e), such as a reprisal claim under 5 U.S.C. § 2302(b)(9)(A)(i), which makes it a prohibited personnel practice "to take or fail to take, or threaten to take or fail to take, any personnel action against any employee or applicant for employment because of the exercise of any appeal, complaint,

administrative judge found that the agency established the nexus requirement and that the penalty of removal was reasonable under the circumstances. ID at 61-66.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 5. On review, he contends that the agency failed to prove that the emails at issue under Charge 1 contained PII, that the administrative judge failed to apply the proper legal standard to Charge 2, that the administrative judge did not apply the proper factors in conducting her penalty analysis, and that the administrative judge erred in finding that the appellant did not establish his affirmative defense of whistleblower reprisal.[4] PFR File, Tab 5 at 9-28. The agency has filed a response in opposition to the appellant's petition. PFR File, Tab 7.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant has failed to provide a basis for disturbing the administrative judge's findings regarding Charge 1, failure to safeguard PII.</u>

Under its charge of failure to safeguard PII, the agency charged that, on 32 separate instances, the appellant sent emails containing PII of claimants who

---

or grievance right granted by any law, rule, or regulation, with regard to remedying a violation" of 5 U.S.C. § 2302(b)(8). *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 10 (2016). To the extent the appellant was attempting to assert a claim of reprisal under section 2302(b)(9)(A)(i), any such claim lacks merit because the appellant has not alleged that his grievances involved remedying a violation of section 2302(b)(8). Thus, the administrative judge applied the proper standard to the appellant's claim of retaliation for having filed grievances.

[4] In his petition for review, the appellant does not challenge the administrative judge's findings regarding Charge 3, misuse of position, Charge 4, misuse of Government property, his affirmative defenses other than his claim of whistleblower reprisal, or the nexus requirement. We discern no basis for disturbing the administrative judge's well-reasoned findings that the agency proved Charges 3 and 4 and that it established nexus. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions). Moreover, we agree with the administrative judge's findings that the appellant failed to establish harmful procedural error or a due process violation. *See id*. While we similarly agree that the appellant failed to establish his remaining affirmative defenses, as discussed below, we have modified the administrative judge's analysis on these claims.

had applied for Social Security disability benefits to non-work related email addresses. IAF, Tab 7 at 5-8. The administrative judge noted that, effective May 2010, the agency adopted the definition of PII as found in Chapter 15, Section 01.08 of the Administrative Instructions Manual System (AIMS), which defined PII as the following:

> any information about an individual maintained by an agency, including (1) any information that can be used to distinguish or trace an individual's identity, such as name, social security number, date and place of birth, mother's maiden name, or biometric records; and (2) any other information that is linked or linkable to an individual, such as medical, educational, financial, and employment information.

ID at 11-12; IAF, Tab 7 at 49. The administrative judge found that the agency's witnesses—the Regional Chief Administrative Law Judge (Regional Chief ALJ), the appellant's first-line supervisor, and the deciding official—defined PII in a manner consistent with this definition. ID at 12. The administrative judge also found that the AIMS prohibits employees from emailing PII to or from any non-secure personal computing devices or from emailing PII using any non-secure email account. *Id*.; IAF, Tab 7 at 43.

On review, the appellant contends that the administrative judge improperly considered the testimony of the agency's witnesses in determining whether the emails specified under the charge contained PII. PFR File, Tab 5 at 10. The appellant contends that the administrative judge weighed the credibility of the agency's witnesses' testimony against that of the appellant in determining whether the emails contained PII, and that this constituted error because any such determination should be based on the application of the agency's relevant policy and not on the credibility of witnesses. *Id*. at 11, 15. In addition, the appellant argues that the administrative judge should not have determined that the deciding official was a credible witness. *Id*. at 11-14. The appellant also argues that the administrative judge erroneously concluded that most of the emails at issue contained PII. *Id*. at 15-16.

Contrary to the appellant's contentions on review, the administrative judge properly considered and applied the definition of PII as set forth in the AIMS. Pursuant to this policy, PII is defined, inter alia, as "information that is linked or linkable to an individual, such as medical, educational, financial, and employment information." IAF, Tab 7 at 49. The administrative judge considered the testimony of the appellant's first-line supervisor and the deciding official to ascertain what type of medical history and information is "linkable" to a claimant. ID at 15-16. The administrative judge then reviewed each specification underlying the charge and found that the agency established 29 of the 32 specifications. ID at 17-18. In doing so, the administrative judge noted that the agency witnesses testified that all of the emails at issue contained PII, but the administrative judge disagreed with these witnesses with regard to three specifications. ID at 15, 17-18. Thus, while the administrative judge considered the agency's witnesses' testimony in an effort to interpret and apply the definition of PII under the AIMS, she independently reviewed and applied the definition to each instance of charged misconduct. ID at 17-18.

The appellant's assertion that the administrative judge erred in finding the deciding official to be credible does not provide a basis for review. In making this credibility determination, the administrative judge properly considered relevant factors including the consistency of the deciding official's testimony with that of the appellant's supervisor. ID at 15, 17; *see Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987). Furthermore, the administrative judge's credibility findings were implicitly based on demeanor, and are therefore entitled to deference. *See Haebe v. Department of* Justice, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (stating that the Board must give deference to an administrative judge's findings regarding credibility when those findings are based on the demeanor of the testifying witnesses); *Little v. Department of Transportation*, 112 M.S.P.R. 224, ¶ 4 (2009) (when an administrative judge has heard live testimony, her credibility determinations must be deemed to be implicitly based upon the

demeanor of witnesses). As to the appellant's assertion that the administrative judge erred in finding that most of the emails at issue in the charge contained PII, this assertion constitutes mere disagreement with the administrative judge's well-reasoned findings regarding these emails and does not provide a basis for review. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). Thus, we discern no reason for disturbing the administrative judge's finding that the agency proved its charge of failure to safeguard PII.

The administrative judge correctly sustained Charge 2, lack of candor.

The agency provided the following four specifications in support of this charge:

**Specification No. 1**: On April 6, 2015, you reported that you were using your personal computer to perform your agency work. When I informed you that this is a PII violation, you stated, "[t]he emails contain only raw narratives of the medical evidence with no names, [social security numbers] or other PII." An audit of your [agency] email account, however, revealed that you sent numerous emails that contained claimants' names, social security numbers, medical information, and/or other PII outside of [agency] custody.

**Specification No. 2**: In an email dated April 9, 2015, you stated, "I have never included PII in any emails, on my personal laptop or in any other electronic communications outside of my work-issued laptop." However, as detailed above, an audit of your email account revealed that you sent numerous emails containing PII outside of [agency] custody.

**Specification No. 3**: On April 6, 2015 and on April 9, 2015, I advised you that you may not email agency work using your personal laptop. On May 5, 2015, you were questioned regarding the emails that you sent outside of [agency] custody, which contained claimant PII. You stated that you do not send these emails anymore because you were told not to. However, as specified above, from April 6,

2015 through May 5, 2015, you sent at least nine emails containing claimant information outside of [agency] custody.

**Specification No. 4**: On July 27, 2015, you denied that you ever sent any [agency] work-related materials between your personal email account(s) and any email address, other than your [agency] email address. An audit of your [agency] email account, however, revealed that you have sent PII outside of [agency] custody to multiple email addresses . . . .

IAF, Tab 7 at 8-9.

An agency alleging lack of candor must prove the following elements: (1) that the employee gave incorrect or incomplete information; and (2) that he did so knowingly. *Fargnoli v. Department of Commerce*, 123 M.S.P.R. 330, ¶ 17 (2016). Here, the appellant does not dispute on review that the agency established prong one of this test; specifically, that he provided incorrect information as set forth in each of the four specifications underlying the lack of candor charge. Rather, the appellant argues that the administrative judge failed to make findings regarding the second element of this test. PFR File, Tab 1 at 17. As discussed below, we find that the administrative judge made findings on this element with regard to specifications 1-3. However, we agree that the administrative judge did not make findings on this element with regard to specification 4, and we modify the initial decision accordingly.

Regarding specifications 1 and 2, in which the agency charged the appellant with making incorrect statements concerning whether he had inappropriately sent emails containing PII, the administrative judge considered the appellant's testimony that he was not even aware that he had sent PII between his personal and work email addresses. ID at 24. However, the administrative judge found the appellant's version of events to be highly unlikely in light of the fact that he was working from home regularly and the number of emails at issue was close to 30. *Id*. The administrative judge considered the relevant factors, including the consistency of the testimony with other evidence, in making this credibility determination. *See Hillen*, 35 M.S.P.R. at 458. Thus, contrary to the

appellant's assertions on review, the administrative judge did make findings on whether the appellant was aware that he provided incorrect information when he stated that he had not sent PII between his work and personal email addresses.

The administrative judge also considered the appellant's testimony regarding specification 3, which concerned the appellant's denial that he sent emails between his personal and work email addresses following his supervisor's April 2015 warnings. ID at 24-25. Specifically, the administrative judge considered the appellant's explanation that he actually meant that, although he continued to send such emails after his supervisor's warnings, those subsequent emails constituted "evidence of retaliation" from his work email address to his personal email address. ID at 24. The administrative judge found this version of events to be highly improbable because three of these emails had nothing to do with the alleged preservation of evidence. ID at 25. This determination belies the appellant's assertion that the administrative judge failed to make a finding on the knowledge element regarding specification 3.

As for specification 4, in which the agency alleged that the appellant incorrectly denied having sent work-related emails between his personal email account and any other email address other than his work email address, we agree that the administrative judge did not make a finding on whether the appellant knowingly provided incorrect information. Thus, we vacate the administrative judge's determination that the agency proved specification 4 under its lack of candor charge. However, we need not remand this matter to the New York Field Office or make a finding on the knowledge element concerning this specification. In particular, because the agency proved at least one of the specifications underlying its lack of candor charge, the charge is still sustained. *Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990) (finding that proof of one or more the supporting specifications is sufficient to sustain the charge). Accordingly, the administrative judge's failure to make a finding on the knowledge element concerning specification 4 does not provide a basis for

reversing the initial decision.[5]  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

The administrative judge properly found that the appellant failed to establish his affirmative defense of whistleblower reprisal.[6]

In an adverse action in which the appellant has raised a claim of whistleblower reprisal, once the agency proves its adverse action case, the appellant must show by preponderant evidence that he made a disclosure protected under 5 U.S.C. § 2302(b)(8) and that the disclosure was a contributing factor in the agency's personnel action.  *Simmons v. Department of the Air Force*, 99 M.S.P.R. 28, ¶ 22 (2005), *aff'd sub nom. Gebhardt v. Department of the Air Force*, 186 F. App'x 996 (Fed. Cir. 2006).[7]  A protected disclosure is a disclosure of information that the appellant reasonably believes evidences any violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. 5 U.S.C. § 2302(b)(8)(A).  Only if the appellant establishes a prima facie case of reprisal for whistleblowing does the burden of persuasion shift to the agency to

---

[5] We have considered whether our decision to not sustain this specification affects the administrative judge's determinations regarding the penalty, and we find that it does not.  *See Dunn v. Department of the Air Force*, 96 M.S.P.R. 166, ¶ 10 (2004) (stating that, when the Board sustains the agency's charges but not all of the specifications of those charges, it will review the agency-imposed penalty to determine whether it is within the parameters of reasonableness), *aff'd*, 139 F. App'x 280 (Fed. Cir. 2005).

[6] During the pendency of this appeal, the National Defense Authorization Act for Fiscal Year 2018 (NDAA), Pub. L. No. 115-91, 131 Stat. 1283, was signed into law on December 12, 2017.  Section 1097 of the NDAA amended various provisions of title 5 of the U.S. Code.  Our decision in this appeal would be the same under both pre- and post-NDAA law.

[7] The WPEA, which went into effect on December 27, 2012, does not affect the relevant holding in this cited authority, nor does it affect the relevant holdings in the other authorities cited herein that were issued prior to the effective date of the WPEA. *See* Pub. L. No. 112-199, 126 Stat. 1465 (2012).

show by clear and convincing evidence that it would have taken the same personnel action absent any protected activity. *Simmons*, 99 M.S.P.R. 28, ¶ 23.

Here, the administrative judge found that the appellant raised five allegedly protected disclosures. ID at 49-54. Disclosure 1 pertained to a letter that the appellant drafted in June 2007 to the Acting Regional Chief ALJ in which the appellant complained about a supervisor and the management of the office. ID at 49-50; IAF, Tab 35 at 57-59. Disclosure 2 related to November 2014 emails the appellant sent to an ALJ concerning an issue in one of that ALJ's Social Security decisions; specifically, the appellant expressed concern about a statement in the decision linking a claimant's depression to his criminal record. ID at 51-52; IAF, Tab 36 at 45, 51-52. Disclosure 3 pertained to a May 2015 email in which the appellant forwarded these November 2014 emails to his first-line supervisor. ID at 53; IAF, Tab 36 at 51. Disclosure 4 related to an April 2015 email the appellant sent to his first-line supervisor expressing concerns with instructions the same ALJ had given the appellant regarding drafting a Social Security decision and questioning whether these instructions raised "ethics concerns." ID at 53; IAF, Tab 37 at 4. Disclosure 5 concerned a May 2015 email the appellant sent to his supervisor in which he again expressed concern with the same ALJ's instructions for writing Social Security decisions and stated that the ALJ had a "pattern of bias" regarding granting benefits. ID at 53-54; IAF, Tab 37 at 6.

The administrative judge found that disclosures 2-5, in which the appellant expressed concern with the ALJ's Social Security decisions, constituted disagreements with the ALJ's conclusions, over which the ALJ had discretion. ID at 54-58; *see Webb v. Department of the Interior*, 122 M.S.P.R. 248, ¶ 8 (2015) (determining that, even under the expanded protections afforded to whistleblowers under the Whistleblower Enhancement Act of 2012, general philosophical or policy disagreements with agency decisions or actions are not protected unless they separately constitute a protected disclosure of one of the

categories of wrongdoing listed in 5 U.S.C. § 2302(b)(8)(A)). As for disclosure 1, the administrative judge determined that the appellant failed to show that this disclosure evidenced gross mismanagement because an agency's ability to accomplish its mission is not significantly affected by the fact that a supervisor is disliked by his subordinates. ID at 58; *see Swanson v. General Services Administration*, 110 M.S.P.R. 278, ¶ 11 (2008) (defining gross mismanagement as a management action or inaction that creates a substantial risk of significant adverse impact on the agency's ability to accomplish its mission). On review, the appellant alleges that the administrative judge erred in finding that these disclosures were not protected, but he does not provide argument or evidence in support of this contention. PFR File, Tab 1 at 27. The appellant's assertion constitutes mere disagreement with the administrative judge's well-reasoned finding that the appellant did not make protected disclosures and, accordingly, does not provide a basis for review. *See Crosby*, 74 M.S.P.R. at 106; *Broughton*, 33 M.S.P.R. at 359.

Although the administrative judge found that the appellant failed to establish that he made protected disclosures under 5 U.S.C § 2302(b)(8), she made alternative findings that the agency established by clear and convincing evidence that it would have removed the appellant even in the absence of his protected disclosures. ID at 61-62. The appellant contends on review that the agency failed to meet this burden. PFR File, Tab 1 at 27. We need not, however, reach this issue. Because the administrative judge correctly determined that the appellant failed to establish that he made protected disclosures, the administrative judge erred in making these alternative findings, and we vacate this portion of the initial decision. *See Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 28 (2016) (stating that the Board may not proceed to the clear and convincing evidence test unless it has first made a finding that the appellant established his prima facie case).

<u>The administrative judge properly found that the appellant failed to meet his burden of proof on his disparate treatment disability discrimination claim.</u>

Following the issuance of the initial decision, the Board clarified that a Federal employee proves disparate treatment disability discrimination by establishing that his disability was a motivating factor in the challenged action. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-22, 40. The administrative judge determined that the record was devoid of any evidence indicating that the agency treated the appellant disparately from other employees who did not suffer from the appellant's alleged disability—carpal tunnel syndrome.[8] ID at 44. Further, the administrative judge found that there was no evidence that the agency had failed to upload onto the appellant's work laptop dictation software, which the appellant alleged he needed due to his carpal tunnel syndrome. ID at 16, 44. The administrative judge noted that, in fact, the appellant admitted that the agency had loaded dictation software onto both his work desktop and government-issued laptop in 2013. ID at 44. The appellant's petition for review contains no argument to the contrary. We therefore adopt the administrative judge's factual findings and conclude that the appellant failed to show that any disability was a motivating factor in the agency's decision to remove him. *Pridgen*, 2022 MSPB 31, ¶ 24 (stating that comparator evidence is one method by which an appellant may prove discrimination).[9]

<u>The appellant did not prove that his protected activity of requesting reasonable accommodation was a "but for" cause of his removal.</u>

In analyzing the appellant's allegation of retaliation for requesting reasonable accommodation, the administrative judge set forth the legal standard

---

[8] The administrative judge found that the appellant failed to show that he was an individual with a disability. ID at 41, 44.

[9] Because we affirm the administrative judge's finding that the appellant failed to show that any prohibited consideration was a motivating factor in the agency's action, we need not resolve the issue of whether the appellant proved that discrimination or retaliation was a "but for" cause of the agency's decisions. *See Pridgen*, 2022 MSPB 31, ¶¶ 20-22, 29 33.

that applies to a claim of retaliation for engaging in protected equal employment activities. ID at 44-45. Specifically, relying on the Board's decision in *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶¶ 36-37, 41 (2015), *overruled in part by Pridgen*, 2022 MSPB 31, ¶¶ 23-25, she found that Federal employees are protected against retaliation for the exercise of Title VII rights, and that a violation is established when the appellant shows that retaliation was a motivating factor in the contested personnel action. ID at 44.

Asserting disability discrimination, including filing requests for reasonable accommodation, is an activity protected by the Rehabilitation Act, not Title VII.[10] *Pridgen*, 2022 MSPB 31, ¶ 44. The anti-retaliation provision of the Americans with Disabilities Act of 1990, which is incorporated by reference in the Rehabilitation Act, prohibits discriminating against any individual "because such individual" has engaged in protected activity. 42 U.S.C. § 12203(a); *Pridgen*, 2022 MSPB 31, ¶ 44. An affirmative defense of retaliation for engaging in activity protected by the Rehabilitation Act is analyzed under the "but-for" causation standard, i.e., if the agency would not have taken the same action in the absence of the protected activity. *Pridgen*, 2022 MSPB 31, ¶¶ 44-47. Here, because the administrative judge found that the appellant failed to prove that any of his prior requests for reasonable accommodation were a motivating factor in his removal, we find that he cannot meet the higher "but-for" causation standard to prove retaliation for engaging in activity protected by the Rehabilitation Act.

The administrative judge properly found that the penalty of removal is reasonable under the circumstances.

When, as here, all of the agency's charges are sustained, the Board will review the agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within the tolerable

---

[10] The standards under the Americans with Disabilities Act of 1990 have been incorporated by reference into the Rehabilitation Act, and the Board applies them to determine whether there has been a Rehabilitation Act violation. 29 U.S.C. § 791(f); *Pridgen*, 2022 MSPB 31, ¶ 35; *Miller v. Department of the Army*, 121 M.S.P.R. 189, ¶ 13 n. 3 (2014).

limits of reasonableness. *Davis v. U.S. Postal Service*, 120 M.S.P.R. 457, ¶ 6 (2013); *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981).[11] The agency need not address all 12 factors, merely those that are relevant. *Douglas*, 5 M.S.P.R. at 306. The Board will modify or mitigate an agency-imposed penalty only when it finds that the agency failed to weigh the relevant factors or the penalty clearly exceeds the bounds of reasonableness. *Davis*, 120 M.S.P.R. 457, ¶ 6.

The appellant contends on review that the administrative judge erred in determining that the deciding official adequately weighed the relevant *Douglas* factors. PFR File, Tab 5 at 18-28. Specifically, the appellant contends that the deciding official failed to appropriately consider the nature and seriousness of the offense because she did not consider that the misconduct was unintentional and that there were no negative consequences as a result of the appellant's actions. *Id*. at 19-20. The appellant also argues that the deciding official failed to adequately consider his job position and his supervisor's confidence in his ability to perform his job. *Id*. at 20, 22. In addition, he contends that the deciding official incorrectly considered his past disciplinary record as a "neutral factor but [that] it should have been a mitigating factor." *Id*. at 21. The appellant further alleges that the administrative judge erred in finding that he did not establish his disparate penalties claim and failed to consider as a mitigating factor incidents that were occurring in his personal life at the time of the misconduct. *Id*. at 22-26.

Contrary to the appellant's allegations, the administrative judge scrutinized the penalty factors considered by the agency and correctly determined that the deciding official considered the nature and seriousness of the offense, the nature

---

[11] In *Douglas*, 5 M.S.P.R. at 305-06, the Board articulated a nonexhaustive list of 12 factors that are relevant in assessing the appropriate penalty for an act of misconduct. These so-called *Douglas* factors include the nature and seriousness of the offense, the appellant's past disciplinary record, his past work record, his potential for rehabilitation, and mitigating circumstances surrounding the offense. *Id*.

of the appellant's position, the appellant's past disciplinary record, and the effect of the offense on his ability to perform his duties and his supervisor's confidence in his job-related abilities. ID at 64-65; IAF, Tab 7 at 29-31. Regarding the seriousness of the misconduct, the administrative judge properly noted that the deciding official stated that the disclosure of PII exposes the public to severe risks, such as identify theft. ID at 64; IAF, Tab 7 at 29. As to the appellant's argument that the misconduct was unintentional, the deciding official specifically considered this issue and found that the appellant "repeatedly and intentionally transmitted PII from [his agency] account to several different unsecured email addresses. . . ." IAF, Tab 7 at 29. In addition, concerning the appellant's past disciplinary record, the deciding official noted that, on April 13, 2016, the appellant was reprimanded for working over his tour without approval or authority.[12] *Id*. at 30. Thus, to the extent the deciding official did consider this as a neutral and not as a mitigating factor, the appellant has failed to show how any such consideration of this factor constituted error by the deciding official. Regarding the effect of the appellant's misconduct on the appellant's ability to do his job and his supervisor's confidence in him, the administrative judge properly noted that the deciding official stated that the public entrusted the agency with safeguarding PII and that the appellant violated that trust. ID at 64; IAF, Tab 7 at 30. The deciding official noted that the appellant's supervisor could no longer trust him "to handle private and confidential records with the necessary level of care." IAF, Tab 7 at 30.

As to the appellant's allegation of disparate penalties, the Board has recently clarified that, in assessing such a claim, the relevant inquiry is whether the agency knowingly and unjustifiably treated employees differently. *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 14. Proper comparators for disparate penalty purposes should be limited to those employees whose misconduct and/or

---

[12] The notice of proposed removal also referenced this April 13, 2016 reprimand. IAF, Tab 7 at 12.

other circumstances closely resemble those of the appellant, *id.*, ¶ 13, and the Board should not attempt to weigh the relative seriousness of various offenses in order to determine whether two employees who committed different acts of misconduct were treated disparately, *id.*, ¶ 17. While *Singh* had not yet been issued when the administrative judge issued the initial decision, we find that she properly found that the appellant failed to establish his claim of disparate penalties. Consistent with *Singh*, the administrative judge found that the appellant did not identify any employee who had engaged in similar conduct and who was similarly situated to the appellant. ID at 65-66. The appellant argues on review that other employees engaged in more serious misconduct and were not removed but fails to provide a basis for disturbing the administrative judge's finding that these employees were not proper comparators for disparate penalty purposes. PFR File, Tab 5 at 23-25. Based on the foregoing, we find that the appellant has failed to establish that the agency knowingly and unjustifiably treated employees differently, as required under *Singh*. *Singh*, 2022 MSPB 15, ¶ 14.

Regarding the appellant's contention that the administrative judge did not consider all of the incidents that were occurring in his personal life at the time of the misconduct, the administrative judge's failure to mention all of the evidence of record does not mean that she did not consider it in reaching her decision. *Marques v. Department of Health and Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). In light of the above, we agree with the administrative judge that the agency considered the appropriate *Douglas* factors, and we defer to the agency's imposed penalty of removal. *See Dunn v. Department of the Air Force*, 96 M.S.P.R. 166, ¶¶ 2, 12-18 (2004) (determining that removal was reasonable when the employee engaged in conduct unbecoming and exhibited a lack of candor), *aff'd*, 139 F. App'x 280 (Fed. Cir. 2005).

**NOTICE OF APPEAL RIGHTS**[13]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

[13] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative receives</u> this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).

If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[14]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[14] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_Gina K. Grippando_

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.